# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN YOUNG, | Civil Action No. 3: 11-cv- 00219 |
| Plaintiff, | |
| | United States District Court Judge |
| v. | Kim G. Gibson |
| | |
| SOMERSET COUNTY JAIL, DR. POGIE, MRS. SANDY POGIE, MS. TAMMIE WARHUL, NURSE CINKO, NURSE McCARTHY, SOMERSET COUNTY JAIL WARDEN, | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motions to Dismiss filed by the Medical Defendants and the Correctional Defendants (ECF Nos. 36 and 40, respectively) be granted. Plaintiff has requested, and been granted, numerous extensions of time in which to respond to these motions. The last Order directed Plaintiff to respond to the motions by October 9, 2013.

Plaintiff has not responded to the motions, and the time for responding has now passed. Therefore, in the absence of any timely response by Plaintiff, the Court will deem the motions to dismiss to be ripe for resolution. For the reasons set forth below, it is recommended that the motions to dismiss be granted.

## II. REPORT

### A. Relevant and Material Facts

This case stems from events allegedly arising from April 2011 to June 2011 during Plaintiff Kevin Young's incarceration at the Somerset County Jail.[1] Plaintiff brings this lawsuit under 42 U.S.C. § 1983 for violations of the Eighth (deliberate indifference to his medical needs) and Fourteenth Amendments (due process and equal protection.) Named as Defendants are Dr. Pogie, Sandy Pogie, Tammie Warhul, Nurse Cinko, and Nurse McCarthy (collectively the "Medical Defendants") and the Somerset County Jail and the Somerset County Jail Warden (collectively the "Correctional Defendants).

In September 2011, Plaintiff, then confined at the Somerset County Jail, commenced this lawsuit by filing an essentially blank form complaint in which nearly every field was marked with "N/A." Plaintiff was ordered to file an amended complaint specifying his causes of action and supporting facts. Plaintiff was also warned that if he failed to file an amended complaint, his

---

[1] It appears that Plaintiff was a pretrial detainee during the time of the events surrounding this lawsuit. According to his state court docket, in March 2007, Plaintiff was charged with criminal conspiracy; intentional possession of a controlled substance, manufacture/delivery/possession with intent to manufacture or deliver; and use / possession of drug paraphernalia. He was released on a $75,000 monetary bond. Plaintiff remained on bond until April 27, 2011, at which time his bond was revoked and he was remanded to the custody of the warden of the Somerset County Jail after having been picked up on a Fugitive Warrant for failing to appear for a court hearing. On October 4, 2011, Plaintiff pled guilty to one count of Possession with Intent to Deliver (F) under the drug, device & cosmetic act. On November 17, 2011, Plaintiff was sentenced to be incarcerated in a SCI for not less than forty (40) months nor more than 10 years. *See h*ttp://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-56-CR-0000428-2007. For purposes of ruling on the instant motions, however, the legal analysis is the same whether Plaintiff was a pretrial detainee or an incarcerated person. The United States Court of Appeals for the Third Circuit has indicated that a pretrial detainee's right to adequate medical care should be analyzed under the well-settled standard established in *Estelle v. Gamble*, 429 U.S. 97 (1976), which provides that prison officials are required "to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle*, 429 U.S. 97 (1976)).

action would be dismissed for failure to prosecute. *See* Report and Recommendation, ECF No. 9. Plaintiff failed to respond to the Order and his lawsuit was dismissed on January 6, 2012, when the district judge adopted the Report and Recommendation which recommended dismissing the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 10.

Plaintiff timely appealed to the United States Court of Appeals for the Third Circuit, and on March 19, 2013, the appellate court entered an Opinion which found that the district court had abused its discretion in dismissing Plaintiff's case and remanded the matter for further proceedings. ECF No. 19-1. Plaintiff filed his Amended Complaint on April 2, 2013, which the Court notes, like the original complaint, does not specify his causes of action, but seems to indicate that he wishes to assert Eighth Amendment claims for deliberate indifference and Fourteenth Amendment claims for due process and equal protection violations. Amended Complaint, at III. The Mandate from the court of appeals issued on April 11, 2013, and the case was reopened thereafter. ECF No. 19.

According to the Amended Complaint, at the time Plaintiff was arrested in April 2011, he had in his possession a prescription medication for blood pressure and a prescription skin ointment medication. Plaintiff claims that when the blood pressure medication ran out, he was without any medication for several days, and later was provided with a generic medication by the medical staff, which was not the equivalent to his original prescription.

According to the Amended Complaint, on June 28, 2011, Plaintiff passed out returning to his cell from the bathroom. He was taken to Somerset Hospital and was hospitalized for five (5) days, where he began treatment with insulin shots multiple shots a day.

Upon his return from the hospital, Plaintiff claims that in addition to receiving insulin shots he is also dealing with blood clots. Plaintiff also alleges that because the Medical Defendants were unable to obtain blood for blood tests, he had to be transported to the hospital in order for blood to be drawn. Additionally, someone "from the outside" was brought in to obtain blood for testing. Amended Complaint, at 5, Line 18.

Presently pending are the Motions to Dismiss filed by the Medical Defendants (ECF No. 36) and the Correctional Defendants (ECF No. 40), with briefs in support (ECF Nos. 37 and 41). The Court issued a Response / Briefing Schedule and Plaintiff was specifically advised to either file an amended complaint or a response to Defendants' motions to dismiss. Plaintiff was further advised that should he fail to comply with the Order, the Motions to Dismiss may be decided without the benefit of his response. *See* ECF Nos. 38 and 42. On three (3) separate occasions, Plaintiff was granted an extension of time in which to respond to the motions. *See* ECF Nos. 44, 47, and 48.[2] In granting his last request for an extension of time, Plaintiff was granted leave until October 9, 2013 to either file an amended complaint or a response in opposition to Defendants' motion. To date, Plaintiff has not filed any type of responsive pleading nor has he requested an additional extension of time in which to do so.

---

[2] The first Text Order granting an extension of time to respond on or before August 41, 2013, was mailed on July 11, 2013, to Plaintiff by First Class United States Mail at his listed address of record, which at the time was SCI-Mercer, 801 Butler Pike, Mercer, PA 16137. On August 1, 2013, Plaintiff notified the court that as of July 29, 2013, he would no longer be at SCI Mercer, and his new address was "Tomorrow's Hope, 6260 Heverly Blvd., P. O. Box 395, Coalport, PA 16627-0395." The second Text Order dated August 15, 2013, granting an extension of time to respond by September 18, 2013, was mailed to Plaintiff by First Class United States Mail at his new listed address of record: Kevin Young, Tomorrow's Hope, 6260 Heverly Blvd., P. O. Box 395, Coalport, PA 16627-0395. And the third Order dated September 25, 2013 (ECF No. 48), which granted Plaintiff until October 9, 2013 to file either an amended complaint or a response in opposition to Defendants' Motions to Dismiss was mailed to Plaintiff by First Class United States Mail at listed address of record: Kevin Young, Tomorrow's Hope, 6260 Heverly Blvd., P. O. Box 395, Coalport, PA 16627-0395.

Accordingly, the Court will analyze the Amended Complaint, which is the operative complaint, on the merits, notwithstanding that Plaintiff did not file a response to the pending motions. *Ray v. Reed*, 240 F. App'x 455, 456 (3d Cir. 2007).

**B. Standard of Review for Motion to Dismiss**

1. *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).[3] *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d

---

[3] The Court of Appeals for the Third Circuit has explained the liberal construction of pro se pleadings, as follows:

> The federal rules do not adhere to the ancient principle that a pleading must be construed most strongly against the pleader. Nor do the federal courts require technical exactness or draw refined inferences against the pleader; rather, they make a determined effort to understand what he is attempting to set forth and to construe the pleading in his favor, whenever justice so requires. This is particularly true when a court is dealing with a complaint drawn by a layman unskilled in the law. In these cases, technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it.

Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

  2. *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficienty of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must

---

*Lewis v. Attorney General of U.S.,* 878 F.2d 714, 722 (3d Cir. 1989) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1286, at 381-84 (1969)).

contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal,* 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court

generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

3. *Legal Standards Governing Medical Claims in a Prison Context*

Liberally construed, the gravamen of Plaintiff's claim against Defendants appears to be that Defendants provided Plaintiff with inadequate medical. Plaintiff faces an exacting burden in advancing his Eighth Amendment claim against prison officials in their individual capacities. To sustain such a claim, the Plaintiff must plead facts which:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* "Deliberate indifference" is a subjective standard under Farmer-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

*Beers–Capitol v. Whetzel,* 256 F.3d 120, 125 (3d Cir. 2001).

By including a subjective intent component in this Eighth Amendment benchmark, courts have held that a mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim. *See Jones v. Beard,* 145 F. App'x 743 (3d Cir. 2005) (finding no Eighth Amendment violation where inmate-plaintiff complained about cellmate who had a history of psychological problems, but where plaintiff failed to articulate a specific threat of harm during the weeks prior to an attack.) In short, when "analyzing deliberate indifference, a

8

court must determine whether the prison official 'acted or failed to act despite his knowledge of a substantial risk of serious harm.' *Farmer v. Brennan,* 511 U.S. 825, 841 (1994). A prisoner plaintiff must prove that the prison official 'knows of and disregards an excessive risk to inmate health or safety.' *Id*. at 837." *Garvey v. Martinez,* 08–2217, 2010 WL 569852, at *6 (M.D. Pa. Feb.11, 2010).

These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care. In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105, (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, Plaintiff is required to allege facts that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll,* 991 F.2d 64, 68 (3d Cir.1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir.1990).

However, it is also clear that the misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation. *Estelle,* 429 U.S. at

9

106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer,* 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. *Clark v. Doe,* 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D. Pa. Oct.13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. *See e.g. Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir. 1990) ( '[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')." *Gindraw v. Dendler,* 967 F. Supp. 833, 836 (E.D. Pa. 1997).

Applying this exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate received; *see, e.g., Ham v. Greer,* 269 F. App'x 149 (3d Cir. 2008); *James v. Dep't of Corrections*, 230 F. App'x 195 (3d. Cir. 2007); *Gillespie v. Hogan,* 182 F. App'x 103 (3d Cir. 2006); *Bronson v. White,* No. 05–2150, 2007 WL 3033865 (M.D. Pa. Oct.15, 2007); *Gindraw v. Dendler*, 967 F. Supp. 833 (E.D.Pa.1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services. Instead, courts have defined the precise burden which an inmate must sustain in order to advance an Eighth Amendment claim against a healthcare professional premised on allegedly inadequate care, stating that:

> The district court [may] properly dis[miss an] Eighth Amendment claim, as it concerned [a care giver], because [the] allegations merely amounted to a disagreement over the proper course of his treatment and thus failed to allege a reckless disregard with respect to his ... care. The standard for cruel and unusual

10

punishment under the Eighth Amendment, established by the Supreme Court in *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and its progeny, has two prongs: 1) deliberate indifference by prison officials and 2) serious medical needs. "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.' " "Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation." .... [The inmate] alleged no undue delay in receiving treatment and, as the district court noted, the evidence he presented established that he received timely care .... Although [an inmate plaintiff] may have preferred a different course of treatment, [t]his preference alone cannot establish deliberate indifference as such second-guessing is not the province of the courts.

*James,* 230 F. App'x at 197–198. (citations omitted).

Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. *See Taylor v. Norris*, 36 Fed. Appx. 228, 229 (8th Cir. 2002); *Abdul–Wadood v. Nathan,* 91 F.3d 1023, 1024–35 (7th Cir.1996); *Sherrer v. Stephen,* 50 F.3d 496, 497 (8th Cir. 1994). Therefore, where a dispute in essence entails nothing more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as a constitutional claim under § 1983; *see e.g., Gause v. Diguglielmo,* 339 F. App'x 132 (3d Cir. 2009) (dispute over choice of medication does not rise to the level of an Eighth Amendment violation); *Innis v. Wilson,* 334 F. App'x 454 (3d Cir. 2009) (same), since "the exercise by a doctor of his professional judgment is never deliberate indifference." *Gindraw v. Dendler,* 967 F. Supp. 833, 836 (E.D. Pa. 1997) (citations omitted).

**C.     Discussion and Analysis**

All Defendants argue that the Amended Complaint should be dismissed as it contains no factual allegations concerning any of the defendants. Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through

11

specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. *Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997).

Here, Plaintiff does nothing more than name each of the Defendants in the caption of the Amended Complaint and does not provide any basis for a claim against them. Even with the liberal construction afforded to pro se pleadings, Plaintiff's cursory style of pleading fails to meet the minimal standard of Rule 8(a).[4] Accordingly, the Court recommends that the Amended Complaint be dismissed because it does not state any claim upon which relief can be granted. See *Hudson v. City of McKeesport*, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

However, assuming *arguendo,* that the Amended Complaint includes some claims that would give fair notice to the Defendants, the Court will proceed to discuss Plaintiff's claims of deliberate indifference, and due process and equal protection violations

1. The Eighth Amendment Claim - Deliberate Indifference

    a. *The Medical Defendants*

As mentioned *supra,* the Amended Complaint is far from a model of clarity as it lacks specificity in its details. Nevertheless, to the extent Plaintiff is alleging that the Medical Defendants were deliberately indifferent to his medical needs, this claim fails. The Amended Complaint clearly demonstrates that Plaintiff received treatment for his medical issues; he simply cannot demonstrate deliberate indifference on the facts as alleged.

---

[4] Fed.R.Civ.P. Rule 8(a) requires that a complaint include "a short and plain statement of the claim showing that the plaintiff is entitled to relief," and Rule 8(f) instructs district courts that "[a]ll pleadings shall be so construed as to do substantial justice." A plaintiff's complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quotations omitted).

As to Plaintiff's allegations that the Medical Defendants inappropriately delayed medical treatment when Plaintiff's prescription for his blood pressure ran out, our Court of Appeals has found that sporadic delays, not exceeding four (4) days, in providing prescription medication do not amount to deliberate indifference. *Ayala v. Terhune*, 195 F. App'x 87, 91 (3d Cir. 2006). Here, the Amended Complaint not only does not state the duration during which Plaintiff was without his medication, it also contains no allegations which would support a determination that any dilatory conduct attributed to the Medical Defendants aggravated his blood pressure or otherwise caused him harm.

For these reasons, it is recommended that Plaintiff's deliberate indifference claim against the Medical Defendants be dismissed.

    *b.*  <u>The Correctional Defendants</u>

Plaintiff names the Somerset County Jail as a Defendant to this suit. As the Correctional Defendants correctly assert, the jail is a building and not an entity subject to suit under 42 U.S.C. § 1983. *See, e.g., Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) ("state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); *Nesmith v. Beaver County Jail*, Civ. A. No. 11-388, 2012 WL 3245495 at *11 (W.D. Pa. Aug. 8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if plaintiff's Complaint was not deficient.) Therefore, Somerset County Jail is not an entity that is properly subject to suit and it is recommended that Plaintiff's claims against it be dismissed.

As to the claims against the Somerset County Jail Warden, our court of appeals has held that "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands" and "absent a reason to believe [or actual knowledge] that prison doctors or their assistants are mistreating [or not

13

treating] a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the plaintiff "bears the burden of proving [and hence pleading] facts supporting the defendants' mental states." *Id*.

In order for non-medical personnel to be found liable for deliberate indifference, the plaintiff must show that the personnel "possessed actual knowledge or a reason to believe that 'prison doctors or their assistants [were] mistreating [or not treating]' " the prisoner. *Thomas v. Dragovich,* 142 F. App'x 33, 39 (3d Cir. 2005) (citing *Spruill,* 372 F.3d at 236). Plaintiff does not include any specific allegation against the Warden for deliberate indifference. As the Correctional Defendants point out, "[t]he general rule is that where a prisoner is being treated by medical personnel, non-medical prison officials cannot be deliberately indifferent for failing to intervene in the medical treatment and/or medical decisions." ECF 41 at 6 (quoting *Young v. Beard*, 2008 WL 2693860 (W.D. Pa. Apr. 4, 2008) (report and recommendation adopted as modified on other grounds, 2008 WL 2693859 (W.D. Pa. June 30, 2008) (citing *Dumer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)).

Moreover, to the extent that Plaintiff's claims against the Warden are based solely on the Defendant's position as the warden at Somerset County Jail, this claim also fails. Our court of appeals has consistently held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff has not claimed that the Warden was personally involved in the incidents that form the basis of his complaint; he seems to have named the Warden solely based on his position as Warden.

Therefore, it is recommended that Plaintiff's claims against the Somerset County Jail Warden be dismissed

2. <u>The Fourteenth Amendment - Due Process Claim</u>

The Amended Complaint makes one passing reference to due process rights. Amended Complaint, at III. The Amended Complaint does not elaborate or explain the alleged due process violation. Accordingly, the Court recommends that Plaintiff's due process claim be dismissed as the Amended Complaint fails to allege sufficient facts to support a due process claim.

3. <u>The Fourteenth Amendment - Equal Protection Claim</u>

Similarly, the Amended Complaint also makes a passing reference to Equal Protection seemingly implying that Defendants deprived him of the Equal Protections of the laws under the 14th Amendment. Amended Complaint, at III. Given his lack of specificity in asserting this point, the Court finds that this claim also fails to state a claim as a matter of law as Plaintiff has not alleged that Defendants engaged in intentional or purposeful discrimination or that he was treated differently by Defendants than similarly situated persons on the basis of his race, nationality, or gender with regard to the alleged misconduct.

Accordingly, the Court recommends that Plaintiff's equal protection claim should be dismissed as the Amended Complaint fails to allege sufficient facts to support an equal protection claim.

**D.   Futility**

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). A district

court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

Given that the Court has already provided Plaintiff with an opportunity to amend, (see ECF No. 42), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

For the reasons discussed *supra*, it is recommended that Plaintiff not be granted leave to amend as it would be futile.

### III. Conclusion

For the reasons stated above, it is respectfully recommended that the Motions to Dismiss filed by the Medical Defendants and the Correctional Defendants be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until **November 12, 2013,** to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Dated: October 25, 2013

cc: The Honorable Kim R. Gibson
United States District Judge

Kevin Young
Tomorrow's Hope
6260 Heverly Boulevard
PO Box 395
Coalport, PA 16627

John R. Ninosky
Johnson, Duffie, Stewart & Weidner
Email: jrn@jdsw.com

Marie Milie Jones
JonesPassodelis, PLLC
Email: mjones@jonespassodelis.com

Michael R. Lettrich
JonesPassodelis PLLC
Email: mlettrich@jonespassodelis